IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LYNN BORDERS KELSON, TRUSTEE OF THE IRVIN AND HELEN BEERY BORDERS TRUST | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | C.A. NO.: 3:17-cv-00115 |
| SAMSON EXPLORATION, LLC, | § § § | |
| Defendant | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Lynn Borders Kelson, Trustee of the Irvin and Helen Beery Borders Trust, and files this first amended complaint against Defendant, Samson Exploration, LLC, and in support thereof would respectfully show the Court as follows:

**I.**

**PARTIES TO THE ACTION**

1. Plaintiff, Lynn Borders Kelson, is trustee of the Irvin and Helen Beery Borders Trust.

2. Defendant, Samson Exploration, LLC, formerly known as Samson Lone Star, LLC, is a limited liability company formed under the laws of the State of Texas and it is authorized to transact business within the State of Texas. Defendant has already made an appearance in this matter and is before the Court for all purposes.

1

## II.

## JURISDICTION

3. Defendant removed this case from the Texas State District Court in Chambers County, Texas and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## III.

## GENERAL ALLEGATIONS

4. Plaintiff owns an undivided mineral interest in two separate tracts of land located in Chambers County, Texas. On June 2010, Plaintiff entered into two separate oil and gas leases with Samson Lone Star, LLC, which subsequently changed its name to Samson Exploration, LLC., the Defendant in this matter.

5. The first lease, dated June 8, 2010, was between Plaintiff, the Irvin and Helen Beery Borders Trust, by Lynn Borders Kelson, Trustee, as Lessor, and Samson Lone Star, LLC, as Lessee ("Lease No. 1"). This lease covered 80.3288 acres in the Garner Long Survey, A-463, in Chambers County, Texas. Plaintiff owns an undivided 20.0822 net mineral acres in the land covered by this lease. This lease had a primary term of three (3) years and expired on June 8, 2013.

6. The second lease, dated June 8, 2010, was also between Plaintiff, the Irvin and Helen Beery Borders Trust, by Lynn Borders Kelson, Trustee, as Lessor, and Samson Lone Star, LLC, as Lessee ("Lease No. 2"). This lease covered 18.78 acres in the John Johnson Survey, A-161, in Chambers County, Texas. Plaintiff owns an undivided 4.695

net mineral acres in the land covered by this lease. This lease had a primary term of three (3) years, and expired on June 8, 2013.

7.     The Official Public Records of Chambers County, Texas and of the Office of the Secretary of State indicate that, effective January 4, 2012, Samson Lone Star, LLC changed its name to Samson Exploration, LLC.

8.     Leases Nos. 1 and 2 were each produced to Plaintiff by Defendant containing the following provision representing to Plaintiff that Defendant would timely prepare, execute and file of record a release of expired or terminated leases or would pay Plaintiff $5.00 per net mineral acre for each day after 60 days from termination if it failed to do so:

> "20.   EXECUTION AND FILING OF RELEASE.  Upon expiration or termination of this Oil, Gas and Mineral Lease for any reason as to all or any portion of the Leased Premises, Lessee shall be obligated at its expense to promptly prepare, execute and file in the public records of the county in which the Leased Premises or a portion thereof is located an appropriate release instrument covering all or such portion of said Leased Premises, and to forward a copy of same as so recorded to Lessor's designated official representative, as provided herein.  If Lessee fails to execute and record such a release within sixty (60) days after the expiration or termination, in whole or in part, Lessee shall be liable to Lessor for liquidated damages of $5.00 per day per net mineral acre in the area required to be released, for each day beyond said sixty (60) days that Lessee has failed to execute and record such release.  The parties agree that Lessee's failure to execute and record such a release will damage Lessor, but that the damages for such failure will be difficult to ascertain, and that such sum is a reasonable estimation of Lessor's damages and is not a penalty."

9.     This representation and provision by Defendant to pay Plaintiff $5.00 per net mineral acre if it failed to timely file a release of record of a terminated lease was a

3

material factor in the determination by Plaintiff to accept the terms of the Leases and was relied upon by Plaintiff when agreeing to enter into the Lease No. 1 and Lease No. 2. Thereafter, no drilling activities or production occurred and Leases Nos. 1 and 2 terminated upon expiration of their primary terms. Defendant Samson Exploration, LLC failed to timely comply with its lease obligation to file of record a release of Lease No. 1 and Lease No. 2.  Defendant did not file its release of Lease No. 1 and Lease No. 2 in the Official Public Records of Chambers County, Texas, until September 20, 2016, some 3 years from the end of the primary terms of Leases Nos. 1 and 2. Consequently, Defendant wrongly clouded Plaintiff's title to its minerals for an extended and unconscionable period of time by failing to comply with its contractual obligation to timely file and acknowledge in the Official Public Records of Chambers County, Texas that it no longer retained any Leasehold interest in Plaintiff's property.  At the time Lease No. 1 and No. 2 expired, there was ongoing leasing activity by others in the area of Lease No. 1 and Lease No. 2 and Defendant's failure to timely file releases of Lease No. 1 and Lease No. 2 prevented Plaintiff's property from being identified in the public record as available for lease and caused Plaintiff the loss of timely potential leasing opportunities. The expectancy of income from such leasing opportunities include reasonable per acre leasing bonuses, delay rentals, drilling activities, and royalties from production.  Defendant materially represented and acknowledged to Plaintiff in its Leases that Defendant's failure to timely record such a release would damage Plaintiff and that such damages would be difficult to ascertain and therefore provided that it would pay Plaintiff $5.00 per

net mineral acre per day, that this was a reasonable estimation of the injuries or damages that it might cause Plaintiff, and that this amount was not a penalty.

10. Defendant Samson Exploration, LLC is contractually obligated to Plaintiff for liquidated damages that accrued beginning 61 days after the expiration of Lease No. 1 and Lease No. 2 until September 20, 2016, the date the release of Lease Nos. 1 and 2 were filed in Official Public Records of Chambers County, Texas.

11. The primary term of Lease No. 1 ended and the Lease expired on June 8, 2013. Sixty (60) days following the expiration of the Lease was August 7, 2013, the last date to file a release of Lease No. 1 without incurring liquidated damages. Thereafter, beginning August 8, 2013, the liquidated damages began to accrue, as prescribed by paragraph 20 of Lease No. 1. Since Defendant filed the release of Lease No. 1 on September 20, 2016, Plaintiff is owed liquidated damages for 1,139 days, the total amount of days beginning August 8, 2013 thru September 19, 2016. Pursuant to Paragraph 20 of Lease No. 1, Plaintiff is entitled to $5.00 per day, per net mineral acre ("NMA"), in liquidated damages. Therefore, Plaintiff's liquidated damages for failure to timely release Lease No. 1 totaled $114,368.13 (20.0822 NMA x $5.00 x 1,139 days).

12. The primary term of Lease No. 2 ended, and the Lease expired, on June 8, 2013. Sixty (60) days following the expiration of the Lease was August 7, 2013, the last date to file a release of Lease No. 2 without incurring liquidated damages. Thereafter, beginning August 8, 2013, the liquidated damages began to accrue, as prescribed by paragraph 20 of Lease No. 2. Since Defendant filed the release of Lease No. 2 on November 10, 2016, Plaintiff is owed liquidated damages for 1,139 days, the total amount of days from

August 8, 2013 to September 19, 2016. Pursuant to paragraph 20 of Lease No. 2, Plaintiff is entitled to $5.00 per day, per net mineral acre ("NMA"), in liquidated damages. Therefore, Plaintiff's liquidated damages for failure to timely release Lease No. 2 totaled $26,738.03 (4.695 NMA x $5.00 x 1,139 days).

13. Plaintiff sent a letter to Defendant on October 18, 2016 requesting payment of the liquidated damages owed to Plaintiff, as prescribed by paragraph 20 of Lease Nos. 1 and 2. Defendant refused to pay and has yet to pay the liquidated damages owed to the Plaintiff.

14. Alternatively, based on the foregoing, Plaintiff has suffered actual and/or consequential damages for breach of contract from the failure of the Defendant to timely release Lease No. 1 and Lease No. 2. Said actual and/or consequential damages include loss in value of his mineral acreage and/or loss of income from the mineral acreage from the time period when the release was required to be filed of record and when it was actually filed, including but not limited to the loss of anticipated receipts from a new oil and gas lease including payment of bonuses based on the mineral acreage, delay rentals, and potential royalty payments from production of minerals, and other payments to which Plaintiff may show himself entitled.

## IV.

## COUNT I

## BREACH OF CONTRACT

15. Plaintiff re-alleges and incorporates the Background Facts herein.

16. Plaintiff entered into valid and enforceable oil, gas and mineral lease agreements with Defendant as described herein.

17. Plaintiff is a proper party to this action having been the Lessor in the lease agreements entered into with Defendant, as Lessee, and having the right to enforce its agreements with Defendant.

18. Plaintiff fully performed its contractual obligations to Defendant.

19. Defendant failed to comply with and breached paragraph 20 of its Lease agreements with Plaintiff by failing to promptly prepare, execute and file releases of the Leases in the Official Public Records of Chambers County, Texas, or pay the amount prescribed as liquidated damages to Plaintiff up to $141,106.16. Said provision was material and part of the consideration for Plaintiff entering into the Leases.

20. Defendant's breach entitles Plaintiff to liquidated damages up to $141,106.16, or alternatively, an amount within the jurisdictional limits of the Court for which Plaintiff hereby sues.

21. Alternatively, Plaintiff seeks actual and/or consequential damages as described herein for said breach of contract in an amount within the jurisdictional limits of the Court.

22. Alternatively, if the Court determines that the liquidated damages clause is a penalty, Plaintiff asserts that the failure to comply with the liquidated damages provision constituted a material breach of the contractual agreement for which Plaintiff seeks and is entitled, at a minimum, nominal damage and its attorneys' fees incurred in prosecuting this action.

## V.

## COUNT II

## COMMON-LAW FRAUD

23. Plaintiff re-alleges and incorporates the Background Facts herein.

24. Defendant prepared and presented to Plaintiff Lease No. 1 and Lease No. 2 that contained the liquidated damages provision wherein Defendant represented to Plaintiff that it would file a release of the oil and gas leases in the Official Public Records of Chambers County, Texas, within 60 days after their expiration and termination, or would pay Plaintiff $5.00 per day per net mineral acre covered by the leases as liquidated damages if it failed to execute and record such release within the prescribed 60-day window. Defendant also represented and acknowledged to Plaintiff that it would do so because Defendant recognized that Plaintiff would suffer damages if Defendant failed to timely release its Leases of record, that these damages would be difficult to ascertain, and that the sum of $5.00 per day per net mineral acre was a reasonable estimate of Plaintiff's damages, and that this was not a penalty.

25. This representation was material to Plaintiff because Plaintiff relied upon it when determining whether to accept and enter into the Lease Agreements with Defendant and because it involved and required Defendant to provide through the filing of a timely release public notice of Plaintiff's open and unleased mineral interest in the subject lands upon the expiration and termination of the leases. Said representation to Plaintiff amounted to an acknowledgement by Defendant that it understood the importance of filing a timely release of its expired oil and gas leases, that Plaintiff would suffer

8

damages if it did not, that the damages would be difficult to ascertain, and accordingly Defendant would pay Plaintiff liquidated damages if timely releases of the two Leases were not filed in the Official Public Records of Chambers County, Texas.

26. Defendant refuses to pay Plaintiff the damages contracted for and takes the position in this matter that its representation to Plaintiff that it would pay Plaintiff $5.00 per net mineral acre per day if it failed to timely file a release of record of its Leases is unenforceable, as a penalty. Such a position is an acknowledgement by Defendant that said representation to Plaintiff was a false representation. Accordingly, Defendant's representation amounts to a false promise of future performance.

27. Defendant made this representation intentionally or recklessly, as a positive assertion, without knowledge of its truth.

28. Defendant made this representation with the intent that the Plaintiff act on it by leasing Plaintiff's mineral interests to the Defendant.

29. Plaintiff relied on this representation when Plaintiff leased his mineral interests in the subject lands to the Defendant.

30. Accordingly, Plaintiff asserts that Defendant committed common law fraud for which Plaintiff hereby sues. Plaintiff asserts that Defendant's representation was material and false, was made by Defendant with the intent it be relied upon by Plaintiff, that it was relied upon by Plaintiff and caused the Plaintiff injury by Defendant failing to promptly prepare, execute and file releases of the Leases in the Official Public Records of Chambers County, Texas, and by failing to pay the amount prescribed as liquidated damages to Plaintiff up to $141,106.16.

31. Plaintiff seeks actual and/or consequential damages as described herein for Defendant's fraud in an amount within the jurisdictional limits of the Court.

32. Additionally, Plaintiff seeks exemplary damages as allowed by law, including pursuant to the Texas Damages Act, for Defendant's fraud in an amount within the jurisdictional limits of the Court.

## VI.

## COUNT III

## STATUTORY FRAUD

33. Plaintiff re-alleges and incorporates the Background Facts and Common Law Fraud Count herein.

34. Plaintiff and Defendant were involved in a real estate transaction by duly executing two separate oil and gas leases.

35. Defendant made a material false promise to Plaintiff that it would file a release of the oil and gas leases in the Official Public Records of Chambers County, Texas, within 60 days after their expiration and termination, or would pay Plaintiff $5.00 per day per net mineral acre covered by the leases as liquidated damages if it failed to execute and record such release within the prescribed 60-day window.

36. Defendant's false promise was made for the purpose of inducing Plaintiff to enter into two separate oil and gas leases with Defendant.

37. Plaintiff relied on Defendant's false promise that it would file releases of the oil and gas leases upon their expiration or termination within the prescribed 60-day window

or pay the agreed upon liquidated damages when it executed the leases with the Defendant.

38. Plaintiff's reliance on Defendant's false promise caused the Plaintiff injury by failing to promptly file releases of the leases in the Official Public Records of Chambers County, Texas, and by failing to pay the amount prescribed as liquidated damages to Plaintiff up to $141,106.16.

39. Plaintiff seeks actual and consequential damages as described herein for Defendant's statutory fraud in an amount within the jurisdictional limits of the Court.

40. Additionally, Plaintiff seeks exemplary damages as allowed by law, including pursuant to the Texas Damages Act, for Defendant's fraud in an amount within the jurisdictional limits of the Court.

## VII.

## ATTORNEY'S FEES

41. Plaintiff has retained the undersigned legal counsel to prosecute this matter and seeks and is entitled to recover reasonable attorney's fees pursuant to applicable law for those causes of action asserted herein for which attorneys' fees are authorized from Defendant.

## VIII.

## CONDITIONS PRECEDENT

42. Plaintiff asserts that all conditions precedent for prosecuting these actions have been accomplished and have occurred.

## VIII.

## JURY DEMAND

43. Plaintiff demands a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court enter judgment against Defendant providing the following relief:

a. Liquidated damages in the amount up to $141,106.16, being the amount agreed upon as just compensation for Defendant's failure to perform its contractual obligation under paragraph 20 of the lease agreements;

b. Alternatively, actual, consequential and/or nomimal damages for breach of contract, common-law fraud, and statutory fraud in an amount within the jurisdictional limits of the Court;

c. Exemplary damages as allowed by law;

d. Prejudgment and post-judgment interest as allowed by law;

e. Cost of court;

f. Reasonable attorney fees; and

g. All other and further relief, at law or in equity to which it is justly entitled.

Respectfully Submitted:

HOLTZ LAW FIRM

/s/ James W. Holtz
_____
James W. Holtz
Lead Counsel
SBN: 09931450
Federal Bar No. 1452
William W. Holtz

Co-Counsel
SBN: 24092533
Federal Bar No. 3083796
2500 City West Blvd.
Suite 300-3040
Houston, Texas 77042
Telephone: 713-467-1396
Facsimile:  713-467-1399
Email: jholtz@holtzlegal.com
Email: wholtz@holtzlegal.com

WILLEY, EDWARDS & WRIGHT

/s/ O. Brandt Edwards

_____
O. Brandt Edwards
Co-Counsel
SBN: 06458700
Pro Hac Vice
2121 Sage Rd., Suite 250
Houston, Texas 77056
Telephone: 713-650-1550
Facsimile: 713-650-3753
Email:  brandt@wewlaw.com
ATTORNEYS FOR PLAINTIFF

# CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2017, a true and correct copy of the foregoing Plaintiff's First Amended Complaint was forwarded to the following counsel of record via electronic filing:

Nathan M. Brandimarte
Orgain Bell & Tucker
P. O. Box 1751
Beaumont, TX 77704-1751
nmb@obt.com

Warren B. Wise
Orgain Bell & Tucker
P. O. Box 1751
Beaumont, TX 77704-1751

wwise@obt.com

Kimberly L. Daily
Orgain Bell & Tucker
P. O. Box 1751
Beaumont, TX 77704-1751
kdaily@obt.com

/s/ James W. Holtz
_____
James W. Holtz